IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )    CRIMINAL ACTION NO.
     v.                     )       2:22cr176-MHT
                            )           (WO)
CHRISTOPHER SHAY BARRON     )
```

ORDER

This case is before the court on defendant Christopher Shay Barron's unopposed motion to continue his trial. Based on the representations made in the motion, and for the reasons set forth below, the court finds that jury selection and trial, now set for September 12, 2022, should be continued pursuant to 18 U.S.C. § 3161.

While the granting of a continuance is left to the sound discretion of the trial judge, *see United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission

of an offense shall commence within seventy days
from the filing date (and making public) of the
information or indictment, or from the date the
defendant has appeared before a judicial
officer of the court in which such charge is
pending, whichever date last occurs."

§ 3161(c)(1).  The Act excludes from the 70-day period "[a]ny period of delay ... resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." § 3161(h)(1)(A).  It also excludes from the 70 days any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would be likely to ... result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," § 3161(h)(7)(B)(iv).

2

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Barron in a speedy trial. *See* § 3161(h)(7)(A). Defense counsel represents that he needs additional time to obtain a mental-health evaluation of the defendant. The government does not oppose the motion. A continuance is necessary to allow defense counsel adequate time to obtain the evaluation.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Christopher Shay Barron's unopposed motion to continue trial (Doc. 21) is granted.

(2) The jury selection and trial, now set for September 12, 2022, are reset for October 31, 2022, at 10:00 a.m., in Courtroom 2FMJ of the Frank M. Johnson Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama.

The United States Magistrate Judge shall conduct a pretrial conference prior to the new trial term and shall

postpone the change-of-plea and any other appropriate deadlines.

DONE, this the 18th day of August, 2022.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE